NOT  DESIGNATED  FOR  PUBLICATION

Kenneth Lee Riche'
Riche' Law Firm
P.O. Box 66656
Baton Rouge LA 70896-665

REHEARING ACTION: November 5, 2008

**Docket Number: 08   00711-KW**

**STATE OF LOUISIANA**
**VERSUS**
**NICOLE AYMOND &**
**MICHAEL RICHE**

**Writ Application from Avoyelles Parish Case No. 142,893 / 142,894, 142,895, 142,998**

**BEFORE JUDGES:**

> **Hon. Oswald A. Decuir**
> **Hon. J. David Painter**
> **Hon. James T. Genovese**

As counsel of record in the captioned case, you are hereby notified that the

application for rehearing filed by **Michael Riche** has this day been

> **DENIED.**
> Genovese, J., would grant the rehearing and dissents for the following reasons.

**Genovese, J.,** Upon further review of this matter, I find our prior writ decision in *State v. Aymond*, an unpublished writ application bearing docket number 08-711 (La.App. 3 Cir. 8/18/08), to be erroneous.  I find *State v. Matthieu*, 506 So.2d 1209 (La. 1987), inapplicable.  I find *State v. Case*, 363 So.2d 486 (La. 1978), and *State v. Loera*, 530 So.2d 1271 (La.App. 2 Cir. 1988), writs denied, 536 So.2d 1252, (La. 1989), to be applicable.  I agree with the trial court's written reasons for ruling and his ruling granting defendant's motion to suppress.  To rule otherwise is to neuter Louisiana Code of Criminal Procedure Article 161 and open the floodgates to "judge shopping."  Without satisfactory proof of one of the judicially recognized exceptions, a city court judge, or any judge authorized to issue a search warrant, cannot simply issue a search warrant outside his jurisdiction in contravention of statutory authorization.  Consequently, I would grant the defendant's application for rehearing.

cc: Hon. Charles A. Riddle  III, Counsel for  the Respondent
    Michael Francis Kelly, Counsel for the Applicant
    Harold Alan Murry, Counsel for  the Respondent

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**
**P.O. Box 16577**
**Lake Charles LA 70616**
**(337) 433-9403**

NOT  DESIGNATED  FOR PUBLICATION

Harold Alan Murry
Attorney at Law
P. O. Box 506
Alexandria LA 71309

**REHEARING ACTION: November 5, 2008**

**Docket Number: 08   00711-KW**

**STATE OF LOUISIANA**
**VERSUS**
**NICOLE AYMOND &**
**MICHAEL RICHE**

**Writ Application from Avoyelles Parish Case No. 142,893 / 142,894, 142,895, 142,998**

**BEFORE JUDGES:**

> Hon. Oswald A. Decuir
> Hon. J. David Painter
> Hon. James T. Genovese

As counsel of record in the captioned case, you are hereby notified that the

application for rehearing filed by **Nicole Aymond** has this day been

> **DENIED.**
> Genovese, J., would grant the rehearing and dissents for the following reasons.

**Genovese, J.,** Upon further review of this matter, I find our prior writ decision in *State v. Aymond*, an unpublished writ application bearing docket number 08-711 (La.App. 3 Cir. 8/18/08), to be erroneous.  I find *State v. Matthieu*, 506 So.2d 1209 (La. 1987), inapplicable.  I find *State v. Case*, 363 So.2d 486 (La. 1978), and *State v. Loera*, 530 So.2d 1271 (La.App. 2 Cir. 1988), writs denied, 536 So.2d 1252, (La. 1989), to be applicable.  I agree with the trial court's written reasons for ruling and his ruling granting defendant's motion to suppress.  To rule otherwise is to neuter Louisiana Code of Criminal Procedure Article 161 and open the floodgates to "judge shopping."  Without satisfactory proof of one of the judicially recognized exceptions, a city court judge, or any judge authorized to issue a search warrant, cannot simply issue a search warrant outside his jurisdiction in contravention of statutory authorization.  Consequently, I would grant the defendant's application for rehearing.

cc: Hon. Charles A. Riddle  III, Counsel for  the Respondent
   Michael Francis Kelly, Counsel for the Applicant
   Kenneth Lee Riche', Counsel for  the Respondent

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**
**P.O. Box 16577**
**Lake Charles LA 70616**
**(337) 433-9403**